# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS

## UNITED STATES

### v.

### Scott A. GILMORE
### Boatswain's Mate Second Class (E-5), U.S. Coast Guard

### CGCMS 24903
### Docket No. 1388

### 2 JULY 2015

Special Court-Martial convened by Commander, Eleventh Coast Guard District.  Tried at San Diego, California, on 23 August 2013.

| | |
|---|---|
| Military Judge: | CDR Anita M. Scott, USCG |
| Trial Counsel: | LT James P. Kaiser, USCGR |
| Defense Counsel: | LT Kathryn M. DeAngelo, JAGC, USN |
| Appellate Defense Counsel: | LT Cara J. Condit, USCG |
| | LT Philip A. Jones, USCGR |
| Appellate Government Counsel: | LT Daniel Velez, USCGR |

### BEFORE
### McCLELLAND, DUIGNAN[1] & KOVAC
Appellate Military Judges

Per curiam:

Appellant was tried by special court-martial, military judge alone.  Pursuant to his pleas of guilty, entered in accordance with a pretrial agreement, Appellant was convicted of three specifications of wrongful use of a controlled substance, two specifications of wrongful introduction of a controlled substance to an armed forces installation, and one specification of wrongful possession of a controlled substance, all in violation of Article 112a, Uniform Code of Military Justice (UCMJ).  The military judge sentenced Appellant to confinement for two months, reduction to E-1, and a bad-conduct discharge.  The Convening Authority approved the sentence.  The pretrial agreement did not affect the sentence.

---

[1] Judge Duignan did not participate in this decision.

Before this Court, without admitting that the findings and sentence are correct in law and fact, Appellant has submitted this case on its merits as to any and all errors.

We are troubled by a specification alleging use of heroin. Specification 3 of Charge II alleges use of heroin on divers occasions "while on duty as a sentinel or lookout." This allegation in the specification carries with it an increase of five years in the maximum period of confinement for any offense under Article 112a, UCMJ. Manual for Courts-Martial (MCM), United States (2012 ed.), Pt IV, ¶ 37.e.

> The military judge advised Appellant:
>
> A sentinel or lookout is a person whose duties include the requirement to maintain constant alertness, to be vigilant, . . . and remain awake in order to observe for the possible approach of the enemy or to guard persons, property or a place and to sound the alert if necessary.

(R. at 26-27.)

Appellant stipulated that he had used heroin on divers occasions onboard Station San Diego "while he was on duty as a member of the duty section." (Prosecution Ex. 1 at 2.) He further stipulated:

> The Station's duty section is responsible for responding to urgent Search and Rescue or law enforcement cases. There is no predicting when urgent calls will be received. Thus, while duty standers do not need to be awake the entire time they are on duty, they do need to be able to respond at all times.

(*Id.*, para. 10.)

During the providence inquiry, when asked what he meant by "on duty," Appellant answered, "On base on stand-by in case there's any . . . cases that we have to respond to." In response to further questions, he stated that "cases" would be law enforcement or search and rescue, and while on duty, he would be expected to respond to a SAR or LE call. (R. at 28.)

Appellant never admitted that his being on duty fell within the definition of sentinel or lookout given to him by the military judge, and indeed, it does not appear that it did.[2] Accordingly, we conclude that Appellant's plea of guilty to that part of the specification is improvident. We will disapprove the findings to that extent. At this special court-martial, where the maximum sentence to confinement was twelve months, we are certain that this allegation made no difference to the sentence for the six specifications upon which Appellant was found guilty.

## Decision

We have reviewed the record in accordance with Article 66, UCMJ. Upon such review, the finding of guilty of that part of Specification 3 of Charge II alleging "while on duty as a sentinel or lookout" is disapproved. Otherwise, the findings and sentence are determined to be correct in law and fact and, on the basis of the entire record, should be approved. Accordingly, the remaining findings of guilty and the sentence, as approved below, are affirmed.

For the Court,



Shelia R. O'Reilly
Clerk of the Court

---

[2] Paragraph 10 of the Stipulation of Fact, Prosecution Exhibit 1, is a concise argument of why Appellant's duty should be included in the sentence enhancement terms of MCM, Pt IV, ¶ 37.e, but the argument does not make it so.